UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVONTE L. LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-01391-DDN |
| | ) |
| CORIZON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Devonte L. Little for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file a supplement to his complaint, indicating whether or not he is suing Nurse Knox in an individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit an inmate account statement along with his motion for leave to proceed in forma pauperis. Review of plaintiff's motion indicates that plaintiff does not appear to have a source of income. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not

2

required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a pretrial detainee currently incarcerated at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Corizon, Nurse Unknown Knox, and Dr. Unknown Fuentes as defendants. Dr. Fuentes is sued in both an official capacity and individual capacity. Plaintiff does not indicate the capacity in which he is suing Nurse Knox.

On July 31, 2018, while detained at the SLCJC, plaintiff reported a severe headache to the housing unit officer. (Docket No. 1 at 4). Plaintiff also advised that on December 9, 2016, he had been shot in the head. He was directed to fill out a medical service request form (MSR), which he did. Plaintiff states that he received no immediate response, despite filling out "numerous" MSRs.

3

On August 24, 2018, a medical emergency was called due to plaintiff's headache, blurry vision, and trouble breathing. Plaintiff states that Nurse Knox came to the unit. According to plaintiff, Nurse Knox said that plaintiff did not do "anything but…complain about a headache." Nurse Knox took his vitals and sent him back to his cell. Over the next few weeks, plaintiff asserts that his headache and eye vision continued to worsen.

At some point, plaintiff demonstrated to Nurse Knox that he could no longer open his left eye completely. (Docket No. 1 at 3). He also told her about his headaches. However, plaintiff alleges that Nurse Knox told him that "headaches are normal."

When plaintiff met with Dr. Fuentes, he requested emergency medical attention. Plaintiff claims, however, that Dr. Fuentes offered him only a pain pill for his headaches. He also states that Dr. Fuentes advised him that headaches can be caused by stress, and that his blurry vision was a result of his needing glasses. Dr. Fuentes then referred plaintiff to mental health, where he was prescribed a sleeping pill. (Docket No. 1 at 3; Docket No. 1-1 at 1-2).

On September 28, 2018, plaintiff states that he woke with the vision in his left eye completely gone. (Docket No. 1 at 4). Medical was notified and he was taken to the Saint Louis University Hospital. He claims that an ophthalmologist there diagnosed him with a blood clot in his brain. (Docket No. 1-1 at 4). He further claims that he suffered irreparable damage to his eye.

Plaintiff is seeking payment of his medical bills and $700,000 in punitive damages. (Docket No. 1 at 7).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He has named Corizon, Dr. Fuentes, and Nurse Knox as defendants. Dr. Fuentes is sued in both an official capacity and individual capacity. However, plaintiff has failed to indicate the capacity in which he is suing

4

Nurse Knox.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As Nurse Knox is alleged to be a Corizon employee, the official capacity claim against her is actually directed against Corizon. To support a claim against Corizon, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Plaintiff has not done this, meaning that his claim against Nurse Knox is subject to dismissal.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis,

5

the Court will instruct him to file a written supplement to his complaint. The supplement must indicate whether or not he desires to sue defendant Nurse Knox in an individual capacity. Plaintiff is advised that he must sign the supplement to his complaint and return it to the Court within thirty days of the date of this order.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00

6

within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file a written supplement to his complaint within **thirty (30) days** of the date of this order, stating whether or not he is suing defendant Nurse Knox in an individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's failure to supplement his complaint in accordance with this Court's instructions will result in the Court construing his claim against Nurse Knox to be in her official capacity only.

Dated this 21st day of October, 2019.

/s/ David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE