# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEVONTE L. LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-01391-DDN |
| | ) |
| CORIZON, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's civil action pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss plaintiff's claim against Corizon, as well as his official capacity claim against Dr. Unknown Fuentes. However, the Court will direct the Clerk of Court to issue process on Dr. Fuentes and Nurse Unknown Knox in their individual capacities.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee currently incarcerated at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Corizon, Nurse Unknown Knox, and Dr. Unknown Fuentes as defendants. Dr. Fuentes is sued in both an official capacity and individual capacity. (Docket No. 1 at 5). Nurse Knox is sued in an individual capacity. (Docket No. 11).

On July 31, 2018, while detained at the SLCJC, plaintiff reported a severe headache to the housing unit officer. (Docket No. 1 at 4). Plaintiff also advised that on December 9, 2016, he had

been shot in the head. He was directed to fill out a medical service request form (MSR), which he did. Plaintiff states that he received no immediate response, despite filling out "numerous" MSRs.

On August 24, 2018, a medical emergency was called due to plaintiff's headache, blurry vision, and trouble breathing. Plaintiff states that Nurse Knox came to the unit. According to plaintiff, Nurse Knox said that plaintiff did not do "anything but…complain about a headache." Nurse Knox took his vitals and sent him back to his cell. Over the next few weeks, plaintiff asserts that his headache and vision continued to worsen.

At some point, plaintiff demonstrated to Nurse Knox that he could no longer completely open his left eye. (Docket No. 1 at 3). He also told her about his headaches. However, plaintiff alleges that Nurse Knox told him that "headaches are normal."

When plaintiff met with Dr. Fuentes, he requested emergency medical attention. Plaintiff claims, however, that Dr. Fuentes offered him only a pain pill for his headaches. He also states that Dr. Fuentes advised him that headaches can be caused by stress, and that his blurry vision was a result of his needing glasses. Dr. Fuentes then referred plaintiff to mental health, where he was prescribed a sleeping pill. (Docket No. 1 at 3; Docket No. 1-1 at 1-2).

On September 28, 2018, plaintiff states that he woke with the vision in his left eye completely gone. (Docket No. 1 at 4). Medical was notified and he was taken to the Saint Louis University Hospital. He claims that an ophthalmologist there diagnosed him with a blood clot in his brain. (Docket No. 1-1 at 4). As a result, he states that he suffered irreparable eye damage. Specifically, he states that he will never regain full eyesight in his left eye. (Docket No. 1 at 7).

Plaintiff accuses Dr. Fuentes and Nurse Knox of being deliberately indifferent to his medical needs by delaying proper treatment for his blood clot, despite his requests for emergency medical attention. (Docket No. 1 at 3). He also asserts the liability of Corizon for employing

"doctors and nurses without proper medical training to recognize when someone is having life [threatening] problems."

Plaintiff seeks payment of his medical bills and $700,000 in punitive damages. (Docket No. 1 at 7).

## Discussion

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that defendants Corizon, Dr. Fuentes, and Nurse Knox were deliberately indifferent to his medical needs. Dr. Fuentes is sued in both an official capacity and individual capacity, while Nurse Knox is sued in an individual capacity.

### A. Claim Against Corizon

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Here, plaintiff's allegations against Corizon itself consists of his assertion that Corizon employs "doctors and nurses without proper medical training." As noted above, Corizon cannot be held liable on the basis of respondeat superior. Moreover, plaintiff has not presented any facts that he suffered his injury due to a "policy, custom, or official action" on the part of Corizon. Therefore, plaintiff's claim against Corizon must be dismissed.

### B. Official Capacity Claim Against Dr. Fuentes

An official capacity claim against an individual is actually a claim against the individual's employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). Plaintiff states that Dr. Fuentes is employed by Corizon. Thus, his official capacity claim is against Corizon itself. However, as explained above, plaintiff has failed to state a claim against Corizon. Therefore, plaintiff's official capacity claim against Dr. Fuentes must be dismissed.

### C. Individual Capacity Claims Against Dr. Fuentes and Nurse Knox

Plaintiff states that the events in the complaint occurred while he was a pretrial detainee. Thus, his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that

need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff states that as a pretrial detainee he suffered from severe headaches and impaired vision, which he asserts is a serious medical need. He further states that he made Dr. Fuentes and Nurse Knox aware of this need, but they delayed proper treatment. Ultimately, plaintiff was taken to the hospital, where it was determined he had a blood clot in his brain. He alleges that due to his blood clot "not [being] treated in time," the vision in his left eye has been irreparably damaged. At this point in the case, the Court is required to accept these allegations as true, and to make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Court will direct the Clerk of Court to issue process on defendants Dr. Fuentes and Nurse Knox in their individual capacities as to plaintiff's

claims of deliberate indifference to his medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claim against Corizon and his official capacity claim against Dr. Fuentes are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants Dr. Fuentes and Nurse Knox in their individual capacities as to plaintiff's claim of deliberate indifference to his medical needs pursuant to the waiver agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 25th day of November, 2019.

                                  HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE